IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL GLEN WENDEL,<br><br>Defendant. | No. CR05-3020-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION*

This matter is before the court on a motion to suppress evidence filed by the defendant Daniel Glen Wendel ("Wendel") on September 26, 2005. (Doc. No. 25) The motion has been resisted by the plaintiff (the "Government"). (Doc. No. 28) The motion came on for hearing before the undersigned on October 5, 2005. (See Doc. No. 11, assigning motions to suppress to the undersigned for consideration and preparation of report and recommendation.) At the hearing, Assistant U.S. Attorney Forde Fairchild appeared on behalf of the Government. Wendel was present in person with his attorney, Patrick T. Parry.

The Government offered the testimony of Fort Dodge, Iowa, Police Officers Glen Hindt, Merdick Sorenson, and Kevin Doty. The following exhibits were admitted into evidence: **Gov't Ex. 1** - videotape from traffic stop of Defendant on April 2, 2005, by Officer Hindt; **Gov't Ex. 2** - Webster County, Iowa, court documents from 1994 reflecting Wendel's prior criminal history; **Gov't Ex. 3** - advice of rights form signed by Wendel; **Gov't Ex. 4** - Permission to Search form signed by Wendel; **Defense Ex. 101** - Supplemental police report signed by Officers Sorenson and Doty.

The motion is now fully submitted and ready for consideration.

## II. FACTUAL BACKGROUND

The following facts are undisputed. On April 2, 2005, at about 7:40 a.m., Officer Hindt was on patrol in Fort Dodge, Iowa, when he observed a vehicle that appeared to have an overly-tinted driver's side window.[1] He activated his emergency lights and stopped the vehicle. The driver, Wendel, did not have a driver's license, registration, or insurance information, but he provided his name and date of birth to the officer. From this information, Officer Hindt determined there was an outstanding warrant for Wendel's arrest. He placed Wendel under arrest, handcuffed him, advised him of his Miranda rights, and did a pat-down search of Wendel. During the pat-down search, Officer Hindt found unspent .32 caliber rounds in Wendel's pocket. The officer asked Wendel if there was anything illegal in the vehicle, and if they could search the vehicle. Wendel gave verbal consent to a search of the vehicle.[2] In addition, because of his discovery of the unspent rounds of ammunition and the outstanding warrant for Wendel's arrest, Officer Hindt asked Wendel if he was a convicted felon, and Wendel indicated he was.

Officer Sorenson arrived at the scene and conducted a search of the vehicle, during which he located some narcotics. Officer Hindt put Wendel into his patrol car, advised him a second time of his Miranda rights, and asked Wendel about the drugs found in the car. Officer Hindt drove Wendel down the street a few hundred feet, stopping about thirty-five feet from Wendel's residence, on the opposite side of the street. He asked Wendel if the officers could search his residence, and Wendel verbally agreed. Officer

---

[1] Iowa Code section 321.438(b) provides: "A person shall not operate on the highway a motor vehicle equipped with a front windshield, a side window to the immediate right or left of the driver, or a side-wing forward of and to the left or right of the driver which is excessively dark or reflective so that it is difficult for a person outside the motor vehicle to see into the motor vehicle through the windshield, window, or sidewing."

[2] The court notes Wendel's consent was not required for the officers to do a search of the vehicle incident to Wendel's arrest. See New York v. Belton, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981) (search of passenger compartment of automobile incident to arrest of vehicle's occupant is permissible).

Hindt removed Wendel from the patrol car, removed his handcuffs, and Wendel signed an advice of rights form and a consent to search form, using the deck lid of the officer's patrol car as a writing surface. Captain Doty arrived at the scene while Wendel and Officer Hindt were outside the patrol car talking, and he witnessed Wendel sign the consent to search form. Captain Doty testified it is his policy not to allow officers to enter and search a residence solely on the basis of a suspect's verbal consent; he requires officers to obtain written consent, as well. After Wendel had signed the consent to search form, the officers approached his residence, knocked on the door, entered and searched the residence.

Officer Hindt and Captain Doty both testified Wendel did not appear to be intoxicated or under the influence of any substance at the time he signed the advice of rights and consent to search form. He answered questions and talked intelligently, and gave no indication that he did not understand what he was doing.

### III. LEGAL ANALYSIS

Wendel does not challenge the officer's right to stop him for the suspected window tint violation, or the search of his vehicle incident to his arrest. The only issues Wendel raised in his motion and at the hearing are the timing and voluntariness of his consent to the search of his residence. Wendel claims officers began to search his residence before they obtained consent. He further claims his consent was not voluntary.

Wendel offered no evidence at the hearing, and elicited none on cross-examination, to substantiate either of his arguments. Nothing in this record even remotely suggests Wendel's consent was coerced or involuntary. "A consensual search does not violate the Fourth Amendment if the consent was voluntarily given without coercion." United States v. White, 42 F.3d 457, 459 (8th Cir. 1994); see United States v. Brown, 345 F.3d 574, 579 (8th Cir. 2003). Furthermore, there is no evidence that officers entered Wendel's

residence before he consented to the search of the residence. For these reasons, Wendel's motion to suppress should be denied.

## IV. *CONCLUSION*

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections to this Report and Recommendation as specified below, that the defendant's motion to suppress be **denied**.

Any party who objects to this report and recommendation must serve and file specific, written objections **by no later than October 13, 2005**. Any response to the objections must be served and filed **by no later than October 20, 2005.**

**If any party objects to this report and recommendation, that party must immediately order a transcript of all portions of the record the district court judge will need to rule on the objections.**

**IT IS SO ORDERED.**

**DATED** this 6th day of October, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT