# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL GLEN WENDEL,<br><br>Defendant. | No. CR05-3020-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On August 23, 2005, a three count superseding indictment was returned against defendant Daniel Glen Wendel charging him with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), possessing a sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871, and possessing with intent to distribute 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B). On September 26, 2005, defendant Wendel filed a motion to suppress. In his motion, defendant Wendel seeks to have evidence seized by the police from his home suppressed on the ground that he did not consent to the search of the home prior to the search. Defendant Wendel also asserts that the consent to the search of his home was not voluntary. Defendant Wendel's motion to suppress was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On October 6, 2005, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Wendel's motion to suppress be denied. Judge Zoss found that Wendel gave his consent to the search of the home before the search was commenced and that his consent

was voluntary. Therefore, Judge Zoss recommended that defendant Wendel's motion to suppress be denied. Neither the government nor defendant Wendel have filed objections to Judge Zoss's Report and Recommendation.

## B. *Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> On April 2, 2005, at about 7:40 a.m., Officer Hindt was on patrol in Fort Dodge, Iowa, when he observed a vehicle that appeared to have an overly-tinted driver's side window. He activated his emergency lights and stopped the vehicle. The driver, Wendel, did not have a driver's license, registration, or insurance information, but he provided his name and date of birth to the officer. From this information, Officer Hindt determined there was an outstanding warrant for Wendel's arrest. He placed Wendel under arrest, handcuffed him, advised him of his *Miranda* rights, and did a pat-down search of Wendel. During the pat-down search, Officer Hindt found unspent .32 caliber rounds in Wendel's pocket. The officer asked Wendel if there was anything illegal in the vehicle, and if they could search the vehicle. Wendel gave verbal consent to a search of the vehicle. In addition, because of his discovery of the unspent rounds of ammunition and the outstanding warrant for Wendel's arrest, Officer Hindt asked Wendel if he was a convicted felon, and Wendel indicated he was.
>
> Officer Sorenson arrived at the scene and conducted a search of the vehicle, during which he located some narcotics. Officer Hindt put Wendel into his patrol car, advised him a second time of his *Miranda* rights, and asked Wendel about the drugs found in the car. Officer Hindt drove Wendel down the street a few hundred feet, stopping about thirty-five feet from Wendel's residence, on the opposite side of the street. He asked Wendel if the officers could search his residence, and Wendel verbally agreed. Officer Hindt removed Wendel from

2

the patrol car, removed his handcuffs, and Wendel signed an advice of rights form and a consent to search form, using the deck lid of the officer's patrol car as a writing surface. Captain Doty arrived at the scene while Wendel and Officer Hindt were outside the patrol car talking, and he witnessed Wendel sign the consent to search form. Captain Doty testified it is his policy not to allow officers to enter and search a residence solely on the basis of a suspect's verbal consent; he requires officers to obtain written consent, as well. After Wendel had signed the consent to search form, the officers approached his residence, knocked on the door, entered and searched the residence.

>Officer Hindt and Captain Doty both testified Wendel did not appear to be intoxicated or under the influence of any substance at the time he signed the advice of rights and consent to search form. He answered questions and talked intelligently, and gave no indication that he did not understand what he was doing.

Report and Recommendation at pp. 2-3 (footnotes omitted). Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. *LEGAL ANALYSIS*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error

for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation, and orders that defendant Wendel's motion to suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2005.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA